F.-K. LAND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77027. Promulgated March 10, 1936.

*Sidney M. Ehrman, Esq.*, and *Richard E. Guggenhime, Esq.*, for the petitioner.

*G. W. Brooks, Esq.*, for the respondent.

OPINION.

LEECH: Although in determining the deficiency the respondent made no allowance for depletion on the bonus, he now concedes that petitioner is entitled to a deduction of 27½ percent of the bonus received, under section 114 (b) (3) of the Revenue Act of 1928.[1] Petitioner contends that it is entitled to a depletion allowance computed on the basis of March 1, 1913, value and, since respondent has made no estimate of the royalties "expected to be received" as the basis for computation of the allowance under Regulations 74, article 236,[2] that it is entitled to treat the bonus as a recovery of capital to the extent of the March 1, 1913, value of the leased property.

---

[1] SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

(b) *Basis for Depletion.—*

(3) PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

[2] ART. 236. *Depletion—Adjustments of accounts based on bonus or advanced royalty.—*
(a) Where a lessor receives a bonus in addition to royalties, there shall be allowed as a depletion deduction in respect of the bonus an amount equal to that proportion of the cost or value of the property on the basic date which the amount of the bonus bears to the sum of the bonus and the royalties expected to be received. Such allowance shall be deducted from the amount remaining to be recovered by the lessor through depletion, and the remainder is recoverable through depletion deductions on the basis of royalties thereafter received.

* * * * * * *

(d) In lieu of the treatment provided for in the above paragraphs the lessor of oil and gas wells may take as a depletion deduction in respect of any bonus, royalties, and other income from the property for the taxable year 27½ per cent of the amount thereof, but the deduction shall not exceed 50 per cent of the net income (computed without allowance for depletion) from the property.

The rule is established that the $130,000, received as a bonus payment by petitioner, was gross income from the property and not consideration for capital assets sold. *Burnet* v. *Harmel*, 287 U. S. 103; *Murphy Oil Co.* v. *Burnet*, 287 U. S. 299. This is true even though there was no production from the property prior to its lease or in the year in which the bonus was received. *Herring* v. *Commissioner*, 293 U. S. 322.

The Revenue Acts of 1918, 1921, 1924, and 1926 carried the same provisions for depletion: "* * * a reasonable allowance * * * according to the peculiar conditions in each case, based upon cost, * * * to be made under rules and regulations to be prescribed by the Commissioner * * *." The regulations issued by the Commissioner under the first three of these acts (article 215, Regulations 45 and 62; article 216, Regulations 65) provided for treatment of a bonus payment as a return of capital, deductible in full if less than the recoverable base of the property. Article 216 of Regulations 69, promulgated under the Revenue Act of 1926, included an amendment changing the treatment of bonus payments. Under this regulation such payments were treated as income from the property. It was there provided that depletion deductions on a bonus be allowed in an amount equal to that proportion of the basis of the property which the bonus bore to the sum of the bonus and the royalties expected to be received. That the amended regulation provided a correct rule for computation, in cases where the necessary factors are determinable, can not now, we think, be disputed. It is, in effect, approved by the decision of the Court in *Murphy Oil Co.* v. *Burnet*, *supra*, and is further sustained by the above cited decisions holding that bonus payments, in fact, constitute income from the property and not consideration for the sale of capital assets.

The Revenue Act of 1928, which is applicable here, reenacted the provision of the preceding revenue act with respect to depletion.

The Commissioner's Regulations 74, article 236, heretofore set out in the margin, construing the latter act, included the same provision as Regulations 69.

In *Murphy Oil Co.* v. *Burnet*, *supra*, arising under the 1918 Act, the taxpayer contended that a bonus constituted taxable income not subject to depletion and, consequently, the entire cost base was to be recovered from royalties received. In this case the Court held that since the royalties to be received were not shown to be subject to ascertainment with reasonable accuracy, the respondent's action under his then Regulations (article 215, Regulations 45) in treating the full amount of the bonus received in an earlier year as a return of capital and a reduction, to that extent, of the cost subject to depletion, was, under the conditions *there existing*, not unreasonable. In

the face of that treatment of the bonus received in a prior year, failure to give effect to that action here by reducing the basis of the property subject to depletion by the amount of that bonus would have ulimately resulted in recovery by depletion allowances of more than the recoverable basis for the property. Such allowances would have been unreasonable.

In that case certain of the circumstances, upon which the disputed reasonable allowance for depletion was to be determined, had become fixed before the there pending taxable year. Here, there were no such fixed past circumstances. Our decision must rest here upon the record picture of the tax year before us and the future.

The present question arises under the Act of 1928, which includes the provision for percentage depletion. It is quite apparent that this addition to the statutory provisions, long in effect, was in recognition of the difficulty experienced in many cases in determining what would be the "reasonable allowance" permitted by the statute. Senate Rept. No. 52, 69th Cong., p. 17; *Helvering* v. *Twin Bell Oil Syndicate*, 293 U. S. 312. As the court said in *Signal Gasoline Corporation* v. *Commissioner*, 77 Fed. (2d) 728:

> The theory upon which a fixed percentage is allowed for depletion is that the mineral product to be mined or produced when still in the ground has a value of 27.5 per cent. of its value when mined or produced. Consequently, the 27.5 per cent. represents a return of capital while the balance represents income to the taxpayer subject to the usual deductions in determining the net income.

In the present case the respondent denied any deductions for depletion of the bonus in view of the fact that there was no development or production from the property in the year in which the bonus was paid and consequently no royalties received. However, in view of the decision of the Supreme Court in *Herring* v. *Commissioner*, *supra*, he now concedes that petitioner is entitled to deduction of the 27½ percent provided by section 114 (b) (3). Petitioner, on the other hand, contends that he is not limited to the percentage depletion provided by section 114 (b) (3) but is entitled to demand the computation be made under Regulations 74, article 236 (a), on the basis of the bonus plus royalties to be received.

Whether the known factors are sufficient upon which to determine with reasonable accuracy the oil subject to recovery, and thus the royalties expected, the record fails to disclose. Petitioner does not attempt to make such computation. It makes no claim for depletion in any amount based on bonus plus expected royalties. Its position appears to be that the failure of the respondent to determine expected royalties entitles it to treat the entire bonus as recovered capital up to the full extent of the March 1, 1913, value of the property, which we have found to be $104,000.

With this we do not agree. Petitioner overlooks the fact that on it is the burden of proving not only that it is entitled to depletion but the correct amount thereof. *Burnet* v. *Thompson Oil & Gas Co.*, 283 U. S. 301; *Burnet* v. *Houston*, 283 U. S. 223; *Helvering* v. *Taylor*, 293 U. S. 507; *Reinecke* v. *Spalding*, 280 U. S. 227; *Lomita Gasoline Co.*, 33 B. T. A. 385. It has received $130,000 in the taxable year, as a bonus for an oil and gas lease. This is *income from the property* (*Herring* v. *Commissioner, supra*), taxable except as to such portion petitioner may be able to show represents return of capital. The sole condition which would entitle petitioner to deduction of the entire cost of this property is that the only probable return anticipated from the property is that represented by the bonus. We do not think petitioner has established that fact by merely pointing out that no determination has been made as to anticipated royalties. For all we are advised, this factor can be determined with reasonable accuracy.

We may also add that, in any event, all that the statute permits to be deducted as representing depletion, is a *reasonable allowance* to be determined with due consideration for the *peculiar conditions in each case*. A taxpayer is never entitled to more than a reasonable allowance. Any formulae devised for computation are correct and usable only if and when they achieve this result. No taxpayer is entitled to use some particular formula merely because its application in some other case, on other facts, was deemed to have resulted in the computation of a reasonable allowance.

In the present case petitioner executed, in 1930, an oil and gas lease upon its property, receiving a cash bonus of $130,000 plus an agreement for royalties of one sixth of the oil produced or one seventh, if production was 500 barrels or less per day. The lease was not in an unproven field but one which had been in production for nearly twenty years, although this particular leased tract had not yet been operated. The bonus paid exceeded petitioner's recoverable base. The comparatively large bonus paid, together with the fact that the property lay in a proven field, indicates strongly the probability that substantial royalty payments would result from operation of the lease. Such, evidently, was the opinion of the lessee for a bonus of this amount does not indicate a mere speculative exploration of the property, especially in view of its location in an old, established oil field.

The foregoing facts constitute the *peculiar conditions of this particular case* upon which the statute requires that a reasonable allowance for depletion in reference to the bonus payment shall be determined. It is only upon a reasonably justified anticipation of no future royalties that allowance of the contested deduction in the entire amount of petitioner's base could be sustained. We con-

clude upon the conditions presented, that substantial royalty payments were reasonably to have been expected even if their amount could not be accurately determined. The deduction of the full recoverable base here sought is, on the pending record, unreasonable.

This conclusion leaves us with the determination of a reasonable allowance for depletion upon the basis of one factor—gross income of $130,000 from the property in the taxable year. Under such conditions we hold that a reasonable allowance for depletion is 27½ percent of that amount as conceded by the respondent.

*Judgment will be entered under Rule 50.*