## F.-K. LAND CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8383.

Circuit Court of Appeals, Ninth Circuit.
June 7, 1937.

Sidney M. Ehrman, Richard E. Guggenhime, and Heller Ehrman, White & McAuliffe, all of San Francisco, Cal., for petitioner.

James W. Morris, Asst. U. S. Atty., of Washington, D. C., and Sewall Key, John G. Remey, and Lester L. Gibson, Sp. Assts. U. S. Atty. Gen., for 'respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner appealed to the Board of Tax Appeals from the proposed action of the Commissioner fixing its income tax for the year 1930. During that year the taxpayer had received a payment of $130,000 as a bonus on an oil lease executed by it in that year, which had been assigned to the Superior Oil Company. By the terms of the lease the taxpayer was to receive a royalty of one-sixth of the oil and gas produced, or one-seventh if the production was 500 barrels or less per day.

The fair market value of the land on March 1, 1913, was $104,000, which constituted the depletable base under section 114 of the Revenue Act of 1928, c. 852, 45 Stat. 791, 821 (26 U.S.C.A. § 114 note). The Commissioner refused any deduction from the bonus for depletion, but in view of the decision of the Supreme Court in Herring v. Com'r, 293 U.S. 322, 323, 55 S.Ct. 179, 79 L.Ed. 389, he conceded before the Board of Tax Appeals that the petitioner was entitled to a deduction of 27½ per cent. of the $130,000 bonus and this amount was accordingly allowed by the Board of Tax Appeals for depletion. The petitioner, however, contends that in view of the uncertainty as to whether or not it will ever receive any royalties from the undeveloped oil lands covered by the lease, it is entitled to deduct its entire capital investment of $104,000 from the bonus payment of $130,000. In advancing this contention, the petitioner relies upon its right to elect whether it shall take the 27½ per cent. allowed for depletion under the terms of section 114(b) (3), 26 U. S.C.A. § 114 note, or a deduction under the Treasury Regulations (Tr.Regs. 74, art. 236-a) promulgated under the authority of section 23 of the Revenue Act of 1928 (26 U.S.C.A. § 23 and note). This regulation provides that in determining the amount of the depletion allowance the sum of the bonus and the royalties expected to be received from the property are to be taken as the gross return therefrom and that in estimating the taxable net income the cost of the property is to be prorated between the bonus and the estimated royalties, such proportion to be deducted from the bonus and the royalties when received. Its right to so elect is not disputed. Helvering v. Twin Bell Oil Syndicate, 293 U.S. 312, 55 S.Ct. 174, 79 L.Ed. 383. See, also, Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318. Having thus elected to estimate depletion under this regulation, the petitioner advances the proposition that inasmuch as no proof was made before the Board of Tax Appeals as to the royalties expected to be received from the lease, and as, according to its contention, it would be impossible to make such proof, it contends that it must be assumed that no royalties could or would be received, and, consequently, it would follow that the entire cost of the property (the depletable base) must be deducted from the bonus in determining the taxable gain. On the other hand, the government contends that inasmuch as the bonus was received under an oil lease of land situate in developed oil territory, it must be treated as income from the oil content of the land under the decision of the Supreme Court in Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199, and, consequently, that the burden is upon the taxpayer to prove the amount it claims as a deduction for depletion. This position is well taken. Signal Gasoline Corp. v. Com'r (C.C.A.) 77 F.(2d) 728; Burnet v. Thompson Oil & Gas Co., 283 U.S. 301, 51 S.Ct. 418, 75 L.Ed. 1049. Petitioner cannot rely upon a failure of the Commissioner to prove the value of prospective royalties. The burden was on it to establish their value, or lack of value, as a basis for a depletion allowance.

The Board of Tax Appeals found that the land in question was oil land in developed territory and that the lease in question was an oil and gas lease within the meaning of the statute and regulations. This finding is supported by the evidence and is not attacked by the petitioner except by the suggestion that until the land was developed or until the oil bearing lands were more fully exploited, it is practically impossible to estimate the oil content of the land or the amount of royalty reasonably to be expected therefrom. In view of this situation, we deem it unnecessary to make a more elaborate statement of the facts which may be found in the opinion of the Board of Tax Appeals. The petitioner relies very strongly upon the opinion of the Supreme Court in the case of Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318. In that case the question was whether or not the depletion allowance to be deducted from the proceeds of the royalty oil for the taxable years 1919 and 1920 was correctly calculated "by treating the bonus previously received by the petitioner, as a return of capital and by reducing pro tanto the depletion allowed on the royalties received in later taxable years." In determining that question, it was observed that there was no finding that the bonus plus the anticipated royalties would exceed the cost of the property. In such a case it was said that the bonus would be a return of capital and would to that extent decrease the investment of the lessor in the oil remaining in place and thus reduce the taxpayer's deduction for depletion from the income which he had received during the taxable years by way of royalties. Upon the appeal the petitioner and taxpayer asked that the case be returned to the Board of Tax Appeals for findings upon that question, but the application was denied because there was nothing in the record to show that such an estimate could be made nor had there been any attempt to supply the facts on that subject before the Board of Tax Appeals.

It should be observed that in that case the burden was upon the taxpayer to show that it was entitled to a deduction of a larger amount for depletion than the Commissioner had allowed, and that by reason of the failure of proof that the bonus theretofore received represented income and not a return of invested capital, the taxpayer could not challenge the implied conclusion of the Commissioner to the effect that the entire bonus was a return of capital. So, in the case at bar, the taxpayer must fail in the absence of the showing on its part of the amount of the depletion to which it would be entitled under the rule it invokes, and, therefore, must be content with the allowance by the Commissioner under the alternate rule—27½ per cent.

The order of the Board of Tax Appeals is affirmed.