**HEEP OIL CORPORATION v. UNITED STATES.**

No. 43709.

Court of Claims.

May 6, 1940.

Clarence F. Rothenburg, of Washington, D. C. (Hamel, Park & Saunders, Charles D. Hamel, Lee I. Park, and John Enrietto, all of Washington, D. C., on the brief), for plaintiff.

Guy Patten, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

WHITAKER, Judge.

On March 22, 1930, the plaintiff executed an instrument under the terms of which it "granted, sold, conveyed, transferred, assigned, and delivered" to the Houston Oil Company of Texas, two oil, gas, and mineral leases, together with the machinery, equipment, improvements, and personal property situated thereon. The consideration for the conveyance was $100,000 in cash, the assumption of an obligation of the grantor of $6,000, and the agreement on the part of the Houston Oil Company to pay an additional sum of $100,000 "out of one-half (½) of the oil and/or gas produced by the said Houston Oil Company of Texas and marketed by it from the above-described leases," after having first paid the royalties. It was further provided:

"It being the intention hereof to provide for the payment of said sum of One Hundred Thousand Dollars ($100,000.00) out of, and only out of, One-half of the amount remaining from said production unto the Houston Oil Company of Texas after the prior payment of the royalties and overriding royalties therefrom. In the event that such One-half (½) of the oil and gas thus remaining which shall be pro-duced and marketed by the Houston Oil Company of Texas from the above-described leases shall be insufficient in quantity and value to fully pay off said consideration of One Hundred Thousand Dollars ($100,000.00) hereinabove provided for, then and in that event said Houston Oil Company of Texas shall have no other or further liability unto the Heep Oil Corporation on account of so much of said One Hundred Thousand Dollar payment remaining unpaid and unsatisfied. The plain intention of the parties hereto is that said sum of money is to be payable solely and only out of production in the event that the portion of such production applicable to such payment shall be sufficient to liquidate said payment."

During the year 1930, plaintiff received from the Houston Oil Company, in addition to the $106,000 paid at the time of the execution of the instrument, the sum of $46,947.28, representing one-half of the proceeds of the oil or gas produced and marketed during the year, less the royalties. In its income-tax return for the year 1930 the plaintiff deducted from the total sum of $152,947.28 received during the year the cost to it of the leases and equipment, less depletion and depreciation, amounting to $78,412.63. This resulted in a profit on the transaction in the sum of $74,534.65, which amount plaintiff included in its income for said year. This was approved by the Commissioner.

Later, the plaintiff filed a claim for refund of $4,472.08, alleging that it was entitled to depletion with respect to the $46,-947.28, which it had not deducted in its return.

On rejection of this claim, this suit was brought.

Plaintiff claims the right to deduct from the cash payment the cost of the property, and to deduct depletion with respect to the deferred payments. We are of the opinion that this cannot be done under the terms of the instrument in this case.

The plaintiff's conveyance was of all the oil and gas deposits on the leased premises. It did not reserve from the conveyance any part of the oil and gas in place, except for "one thirty-second (1/32nd) part of the oil and gas to be produced out of the leases hereinabove described from any oil and/or gas producing sands below the level of Thirty-eight Hundred (3800) feet." All

other oil and gas were sold. The instrument provides that the plaintiff has—

"Granted, sold, conveyed, transferred, assigned and delivered, and does by these presents grant, sell, convey, transfer, assign and deliver unto the Houston Oil Company of Texas, a Texas Corporation, those two certain Oil, Gas and Mineral Leases, the two oil wells thereon, the machinery, equipment, improvements, personal property of every kind and character thereon situated belonging to the Heep Oil Corporation, said Leases covering lands situated in Refugio County, Texas, and being more particularly described as follows:

\*   \*   \*   \*   \*   \*

"To have and to hold the above described premises, leases, oil wells, improvements and personal property unto the said Houston Oil Company of Texas, its successors and assigns forever."

The clause providing for the reservation of a part of the oil produced below the 3,800-foot level reads as follows: "(3) The foregoing assignment made expressly subject to a reservation of a One thirty-second (1/32nd) part of the oil and gas to be produced out of the leases hereinabove described from any oil and/or gas producing sands below the level of Thirty-eight Hundred (3800) feet, and which said 1/32nd royalty is hereby expressly reserved unto the Heep Oil Corporation."

It is clear that the balance of the oil was covered by the conveyance.

It may be that plaintiff did retain an economic interest in the oil in place sufficient to entitle it to depletion. Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489; Helvering, Commissioner v. Twin Bell Oil Syndicate, 293 U.S. 312, 55 S.Ct. 174, 79 L.Ed. 383; Thomas, Collector v. Perkins et al., 301 U.S. 655, 57 S.Ct. 911, 81 L.Ed. 1324; Helvering, Commissioner v. O'Donnell, 303 U.S. 370, 58 S.Ct. 619, 82 L.Ed. 903; Helvering, Commissioner v. Elbe Oil Land Development Company, 303 U.S. 372, 58 S.Ct. 621, 82 L.Ed. 904. But it is clear that it cannot deduct both depletion and cost, since it did not reserve from the conveyance the oil, out of the proceeds of the sale of which it received the deferred payments. This also was sold. Had it not been sold a different case would be presented.

We do not decide whether or not plaintiff is entitled to depletion. We hold only that it is not entitled under the instrument in this case to deduct both the cost to it of the property and depletion also.

We are further of the opinion that if it is entitled to depletion, this depletion must be computed with respect to the entire amount paid and not merely on the deferred payments to be made out of the oil produced.

In Commissioner v. Fleming, 82 F.2d 324, the majority of the court in the Fifth Circuit held that depletion should be computed only on the deferred payments, on the theory that that part of the oil out of which the deferred payments were to be made had not been sold. Circuit Judge Foster dissented. The Ninth Circuit, on the other hand, in the case of Elbe Oil Land Development Company v. Commissioner, 91 F.2d 127, held that depletion should be computed both on the deferred payments and the cash payment as well. Judge Garrecht dissented, but not on this ground. The Supreme Court reversed the Circuit Court of Appeals (Helvering v. Elbe Oil Land Development Company, 303 U.S. 372, 58 S.Ct. 621, 82 L.Ed. 904), but on the ground that the transaction there was an absolute sale of the leasehold, with no reservations to the grantor of any economic interest in the oil situated thereon.

If by the instrument in the case before us, properly construed, the plaintiff had conveyed all of the oil except a portion which it reserved to itself, it would follow that it was entitled to depletion only on the oil reserved, but, as we said heretofore, we think the conveyance here was of all the oil, except for the 1/32nd part of that produced from sands below the 3,800-foot level. In such case, if plaintiff's net income is to be computed by the deduction of depletion from the amount received, rather than the cost of the property, it must be computed with respect to the entire amount received. The cash payment must be treated as a bonus or advance royalty. Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199; Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318.

The depletion deduction on this basis and on the basis of payments made in 1930 amounts to $42,060.50. If the entire amount had been received during the year, the total depletion allowance would have been $56,650. But the plaintiff in its return

deducted more than this amount, to-wit, $78,412.63. It results that it has not overpaid its tax.

Its petition is accordingly dismissed. It is so ordered.