**LE DANOIS LAND & STONE COM-PANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent.**

**No. 14415.**

United States Court of Appeals
Fifth Circuit.

Sept. 3, 1954.

Rehearing Denied Oct. 23, 1954.

Fred S. Weis, New Orleans, La., for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen., Melva M. Graney, Ellis N. Slack, Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Charles W. Davis, Chief Counsel, Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

This petition for review involves corporate income and excess profits taxes for 1943, and presents the question of whether a lessor of oil and gas properties is entitled to the statutory depletion allowance on oil used for fuel by a lessee under a provision of the lease granting the lessee the free use of oil and gas taken from the leased land for production purposes, and further providing that lessor's "royalty on oil and gas shall be computed after deducting any so used." The opinion of the Tax Court is reported at 18 T.C. 669.

The material facts, as stipulated and found by the Tax Court, reveal that tax-

payer, a Louisiana corporation entered into an oil and gas lease with The Texas Company on June 6, 1941, covering approximately 545 acres of land owned by taxpayer in Evangeline Parish, Louisiana. Material provisions of that lease agreement recited that The Texas Company, as lessee, would pay taxpayer, lessor, a lump sum of $15,000.00 cash in consideration for the lease, and additional royalties amounting to one-sixth of the oil produced and saved from said land, which royalty oil the lessee was permitted at its option under the lease to purchase at market price. A subsequent paragraph of the lease specifically provided that "lessee shall have the free use of oil, gas and water from said land, * * * for all operations hereunder, and the royalty on oil and gas shall be computed after deducting any so used. * * * "

During 1943 taxpayer received the amount of $23,834.36 from The Texas Company as oil and gas royalties payable from production under the lease. However, in maintaining production during that year, the lessee had used 12,200.80 barrels of oil as fuel, the market value of which was $15,687.81.

Taxpayer filed its corporate return for 1943 on the cash basis, and reported therein the sum of $26,448.99 as oil royalty received under the lease during that year. This amount consisted of the aforementioned sum of $23,834.36 cash actually received by taxpayer during the year plus an additional amount of $2,614.63 representing one-sixth of $15,687.81, the fair market value of the oil used for fuel by The Texas Company in maintaining production during 1943 under the lease. In arriving at its net taxable income, taxpayer deducted this amount of $2,614.63 as an operating expense, and further deducted as its statutory depletion allowance 27½ per cent of the $2,614.63 which it had included in its total oil royalty income, the disputed deduction for depletion amounting to $719.02.

The Commissioner and the Tax Court accepted as correct the aggregate amount of $26,448.99 reported as royalty income by taxpayer under the lease, as well as the $2,614.63 operating expense deduction, but they both disallowed the $719.02 depletion deduction as unauthorized by the applicable statutes and regulations.[1]

---

1. 26 U.S.C.A. §§ 23(m) and 114(b) (3) provide in pertinent part as follows:

"§ 23. *Deductions from gross income*

"In computing net income there shall be allowed as deductions:

    *      *      *      *      *

"(m) *Depletion*. In the case of mines, oil and gas wells, * * * a reasonable allowance for depletion * * * according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * * In the case of leases the deductions shall be equitably apportioned between the lessor and lessee. * * *"

"§ 114. *Basis for depreciation and depletion*

    *      *      *      *      *

"(b) *Basis for depletion*

    *      *      *      *      *

"(3) *Percentage depletion for oil and gas wells*

"In the case of oil and gas wells the allowance for depletion under section 23(m) shall be 27½ per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance under section 23(m) be less than it would be if computed without reference to this paragraph."

The applicable section of Treasury Regulations 111, further provides:

"Sec. 29.23(m)–1. *Depletion of Mines, Oil and Gas Wells, Other Natural Deposits, and Timber; Depreciation of Improvements.*—Section 23(m) provides that there shall be allowed as a deduction in computing net income in the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements. Section 114 prescribes the bases upon which depreciation and depletion are to be allowed.

Taxpayer contends that the Commissioner and Tax Court erred in failing to hold that the statutory depletion deduction should be computed on the basis of all oil actually removed from the land under the lease, irrespective of whether the oil is sold for cash or used by the lessee thereunder for fuel; that, since the lease specifically provided that taxpayer's royalties amounted to one-sixth of all oil produced and saved from the land, taxpayer could lawfully deduct 27½ per cent of its one-sixth royalty interest in the value of the fuel oil used by the lessee during 1943, amounting to $719.02.

The Commissioner contends, as he did successfully before the Tax Court, that under the terms of the lease taxpayer was to receive only one-sixth of the *net* production remaining after subtracting the oil used by the lessee for operations under the lease, and that it is therefore not entitled to any depletion deduction based on the fair market value of such fuel oil, because it retained no royalty interest therein.

We think the Tax Court correctly held that the only economic interest sufficient to justify depletion which taxpayer retained under the lease agreement was the right to receive a one-sixth royalty on all oil and gas produced and saved, *excluding* that used by The Texas Company for fuel, since the taxpayer retained no possibility of profit from the production of oil and gas so used for fuel. See Burton-Sutton Oil Co. v. Commissioner, 328 U.S. 25, 32, 34–35, 66 S.Ct. 861, 90 L.Ed. 1062.

While it is true, as the Tax Court noted, that a lessor is entitled to a depletion allowance on royalties paid by the lessee, regardless of whether paid in cash or in oil,[2] a taxpayer nevertheless may not claim percentage depletion on oil which, under the terms of the lease, is specifically excluded from any computation of its royalty interests. Here, since the lease specifically provided that taxpayer's royalties should be computed after deducting any fuel oil used by the lessee, taxpayer did not retain the requisite economic interest in such oil sufficient to justify percentage depletion.[3]

Under Section 114(b) (3) of the Internal Revenue Code, the allowance for depletion is "27½ per centum of the *gross income from the property* during the taxable year, * * *." (Emphasis supplied.) Treasury Regulations 111, Section 29.23(m)–1 define "gross income from the property" as used in Section 114(b) (3) of the Internal Revenue Code as meaning "the amount for which the taxpayer sells the crude mineral product * * *." Under the lease The Texas Company was to receive all oil and gas needed for operations. Of the remaining oil and gas produced and saved from the land, The Texas Company was to receive five-sixths and the taxpayer one-sixth. That one-sixth measured the "gross income from the property" received by the taxpayer and its allowance for depletion is 27½ per cent of such gross income—"a simple rule which could be easily applied." Helvering v. Mountain Producers Corporation, 303 U.S. 376, 381, 382, 58 S.Ct. 623, 625, 82 L.Ed. 907.

Of course, as taxpayer argues, the removal of the oil from its property for use as fuel by the lessee actually depletes to that extent its recoverable natural oil and gas resources, but this fact alone does not justify percentage depletion where, as here, taxpayer retained no economic interest in the oil. See Burton-Sutton Oil Co. v. Commissioner, supra,

"Under such provisions, the owner of an economic interest in mineral deposits or standing timber is allowed annual depletion deductions. * * *"

2. See Helvering v. Twin Bell Oil Syndicate, 293 U.S. 312, 55 S.Ct. 174, 79 L.Ed. 383; Kirby Petroleum Co. v. Commissioner, 326 U.S. 599, 66 S.Ct. 409, 90 L. Ed. 343.

3. "Economic interest does not mean title to the oil in place but the possibility of profit from that economic interest dependent solely upon the extraction and sale of the oil." Kirby Petroleum Co. v. Commissioner, 326 U.S. 599, at page 604, 66 S.Ct. at page 411. See also Burton-Sutton Oil Co. v. Commissioner, 328 U.S. 25, 34, 35, 66 S.Ct. 861.

478

328 U.S. at pages 32, 35, 66 S.Ct. 861; Kirby Petroleum Co. v. Commissioner, supra. Under such circumstances, the depletion deduction allowed taxpayer was properly based by the Commissioner and the Tax Court only on the cash royalties actually received by it during 1943, and not on the basis of the fuel oil in which taxpayer had released all interest under the terms of the lease. Helvering v. Mountain Producers Corporation, supra. The decision of the Tax Court is therefore affirmed.

It should be noted that Judge STRUM participated in the consideration and decision of this case, but died before the opinion was prepared.

Affirmed.