THE COMMODORE MINING COMPANY, PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91621.   Promulgated July 27, 1939.

*George T. Evans, Esq.,* for the petitioner.
*Bernard D. Daniels, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The petitioner contends that it is entitled to a depletion deduction computed on the discovery value or unit basis as established by the respondent on March 1, 1927.

The respondent's position is that the petitioner is entitled to no such deduction, that it failed to state in its return for the year 1934, its first return under the provisions of section 114 (b) (4) of the Revenue Act of 1934,[1] whether it elected to have its depletion allowance

---

[1] SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

(a) BASIS FOR DEPRECIATION.—The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property.

(b) BASIS FOR DEPLETION.—

(1) GENERAL RULE.—The basis upon which depletion is to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property, except as provided in paragraphs (2), (3), and (4) of this subsection.

(2) DISCOVERY VALUE IN CASE OF MINES.—In the case of mines (other than metal, coal or sulphur mines) discovered by the taxpayer after February 28, 1913, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter, if such mines were not acquired as the result of purchase of a proven tract

computed with or without regard to percentage depletion, and that therefore, under the statute, such computation must be made without reference to percentage depletion. He construes the phrase "without reference to percentage depletion" as used in the 1934 Act to mean that the base must be either cost or March 1, 1913, fair market value.

The allowance for depletion of mines based on discovery value, a practice long established by the taxing statutes, was continued in the Revenue Act of 1934 but it was limited to mines other than metal, coal, or sulphur. (Sec. 114 (b) (2).) That act specifically grants to the owners of metal, coal, and sulphur mines a depletion allowance on a percentage basis, but conditions such allowance on the taxpayer's statement of its election to take advantage of the grant. If it elects not to avail itself of the privilege, obviously, no depletion is allowed on that basis. If it fails to indicate its election, it likewise forfeits its right to a percentage allowance and the allowance is computed without regard to percentage depletion.

Where the taxpayer excludes itself from the provisions of section 114 (b) (4) either by its affirmative action or by its inaction, the general rule of section 114 (b) (1) applies. Section 113 (b)[2] states

---

or lease, and if the fair market value of the property is materially disproportionate to the cost. * * *

\*   \*   \*   \*   \*   \*   \*   \*

(4) PERCENTAGE DEPLETION FOR COAL AND METAL MINES AND SULPHUR.—The allowance for depletion under section 23 (m) shall be, in the case of coal mines, 5 per centum, in the case of metal mines, 15 per centum, and, in the case of sulphur mines or deposits, 23 per centum, of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property. A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section.

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

\*   \*   \*   \*   \*   \*   \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

\*   \*   \*   \*   \*   \*   \*

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws. Where for any taxable year prior to the taxable year 1932 the depletion allowance was based on discovery value or a percentage of income, then the adjustment for depletion for such year shall be based on the depletion which would have been allowable for such year if computed without reference to discovery value or a percentage of income.

that the basis for determining gain or loss shall be the basis determined in subsection (a) as adjusted in accordance with certain rules set forth in section 113 (b). Section 113 (a) states that the basis of property shall be the cost of such property and sets forth certain exceptions, the only one material to the issue being (14) which relates to March 1, 1913, fair market value.

The petitioner contends that, since it was allowed a discovery value in 1927, as of September 15, 1924, it is entitled to that advantage continuously thereafter. The deduction for depletion based on discovery value is a matter of legislative grace. By the limitation of the Revenue Act of 1932, the allowance was withdrawn as to certain types of mines. Section 114 (b) (2) (continued in the Revenue Act of 1934) emphasized that exclusion in so far as it related to metal, coal, and sulphur mines and section 114 (b) (4) established a new basis for such mines. Nowhere in the Revenue Acts of 1932 or 1934 is there any suggestion that the discovery value principle was retained for computing depletion under those acts on that type of mines.

The petitioner did not elect to obtain a depletion allowance on the percentage basis. The discovery value basis was no longer available to it. Therefore, its base must be either cost or March 1, 1913, fair market value. It is stipulated that the property had no fair market value on March 1, 1913, and that its cost has been fully recovered. Consequently, it is entitled to no depletion deduction whatsoever.

The petitioner argues that under the facts it has had no real right of election. This argument was considered by us in *Dorothy Glenn Coal Mining Co.*, 38 B. T. A. 1154 and *C. H. Mead Coal Co.*, 38 B. T. A. 1163. In those cases we held that the allowance of the claimed deduction from gross income was a matter of legislative grace and that the taxpayer must conform to the conditions imposed by Congress. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Since the petitioner did not so conform, it can not be allowed a depletion deduction on the percentage basis, although it obtains no advantage from the other statutory methods.

The petitioner further maintains that section 23 (m) of the Revenue Act of 1934 [3] compels the allowance of some reasonable amount for depletion. Section 114 (b) (2) withdrew from metal, coal, and sulphur mines a depletion allowance based on discovery value. Section 114 (b) (4) gave the taxpayer the right to a percentage deple-

---

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. \* \* \*

tion or a depletion based on cost or March 1, 1913, fair market value. The petitioner continued to make its returns by an obsolete method and ignored its right to the benefits of the percentage basis substituted therefor by Congress. The predicament in which the petitioner finds itself is not unique. See *Dorothy Glenn Coal Mining Co.*, and *C. H. Mead Coal Co.*, *supra*. The statute does not afford petitioner the relief which it claims.

*Decision will be entered for the respondent.*