THE MONTREAL MINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93428.   Promulgated February 16, 1940.

*R. H. Weir,* for the petitioner.

*Thomas F. Callaghan, Esq.,* and *R. W. Patterson, Esq.,* for the respondent.

VAN FOSSAN: In the single issue before us the petitioner contends that the respondent erred in deducting from its gross income from the property amounts expended in the payment of silicosis claims, in order to arrive at net income therefor in computing percentage depletion under the provisions of section 114 (b) (4) of the Revenue Act of 1934,[1] maintaining that such expenditures were in no way connected with the product of the property on which depletion was computed. It argues that operating expenses and any other deductions which must be deducted in arriving at net income, as contemplated by section 114 (b) (4) and article 23 (m)–1 (h) of Regulations 86,[2] must be attributable to the mineral property on which the depletion is claimed (as required by the regulations) and must be related to the taxable year at issue.

The petitioner's position here is similar to that of the respondent in *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90. In that case the tax-

---

[1] SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(b) BASIS FOR DEPLETION.—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(4) PERCENTAGE DEPLETION FOR COAL AND METAL MINES AND SULPHUR.—The allowance for depletion under section 23 (m) shall be, in the case of coal mines, 5 per centum, in the case of metal mines, 15 per centum, and, in the case of sulphur mines or deposits, 23 per centum, of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property. \* \* \*

[2] ART. 23 (m)–1.—*Depletion of mines, oil and gas wells, other natural deposits, and timber; depreciation of improvements*—

\*　　\*　　\*　　\*　　\*　　\*　　\*

When used in these articles (23 (m)–1 to 23 (m)–28) covering depletion and depreciation—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(h) "Net income of the taxpayer (computed without allowance for depletion) from the property," as used in section 114 (b) (2), (3), and (4) and articles 23 (m)–1 to 23 (m)–28, inclusive, means the "gross income from the property" as defined in paragraph (g) less the allowable deductions attributable to the mineral property upon which the depletion is claimed and the allowable deductions attributable to the processes listed in paragraph (g) in so far as they relate to the product of such property, including overhead and operating expenses, development costs properly charged to expense, depreciation, taxes, losses sustained, etc., but excluding any allowance for depletion. Deductions not directly attributable to particular properties or processes shall be fairly allocated. \* \* \*

payer, consistent with a previously made election, took as deductions in the taxable year development expenses which were incurred in prior years. Such expenses had no direct relation to the production of oil from the taxpayer's property during the taxable years. So here, the settlement of silicosis claims was, under the requirements of the Wisconsin Workmen's Compensation Act, a normal incident in the operation of petitioner's iron mines. While the contraction of the disease had no direct relation to the current year's output, the disease itself directly grew from and had an immediate relation to the petitioner's mining operations. The payment of silicosis claims must be placed in the same category as the development expenses which the Supreme Court held in the *Wilshire Oil Co.* case are required to be deducted from gross income in computing net income for depletion purposes. In line with and upon the authority of the decision in the *Wilshire Oil Co.* case, we sustain the respondent's action.

The respondent points out that in its income tax returns for the year in question the petitioner claimed the benefit of the deduction of the amounts it paid in settlement of the silicosis claims and that such deduction was allowed in computing taxable net income. The petitioner argues, however, that although the deduction was proper for the year in which the claims were finally adjusted and paid, such payment was not an "operating expense" of that year, and that only operating expenses are deductible in computing net income as a depletion basis under the statute. This argument is answered by the decision in the *Wilshire Oil Co.* case. There development cost was certainly not an "operating expense" of the current year, yet it was recognized as deductible in computing net income for depletion purposes.

*Decision will be entered under Rule 50.*