MIRABEL QUICKSILVER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97600. Promulgated February 16, 1940.

*Louis Janin, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The question presented is whether or not interest and capital stock taxes should be deducted from gross income in computing net income for depletion purposes, pursuant to the provisions of section 114 (b) (4) of the Revenue Act of 1936.[1]

The petitioner contends that the decisions of the Supreme Court in *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90, and other cases, favorable to the respondent, do not dispose of the case at bar and argues that interest and capital stock taxes are not of such a nature as to bring them within the regulations. It also complains that the inclusion of interest paid on borrowed money in the deductions under article

---

[1] SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

\*     \*     \*     \*     \*     \*     \*

(b) BASIS FOR DEPLETION.—

\*     \*     \*     \*     \*     \*     \*

(4) PERCENTAGE DEPLETION FOR COAL AND METAL MINES AND SULPHUR.—The allowance for depletion under section 23 (m) shall be, in the case of coal mines, 5 per centum, in the case of metal mines, 15 per centum, and, in the case of sulphur mines or deposits, 23 per centum, of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property.

23 (m)–1 (*h*) of Regulations 94 [2] will discriminate against a company which has been compelled to borrow its capital in favor of one whose stock has all been sold for cash.

In the *Wilshire Oil Co.* case the Supreme Court approved a regulation (article 221 (*i*), Regulations 74) requiring the deduction of development expenses in computing net income for depletion purposes. Article 221 (*i*) also requires the deduction of overhead expenses. Here the computation of such net income is governed by article 23 (m)–1 (*h*) of Regulations 94, which specifically likewise requires the deduction of overhead expenses in determining the maximum depletion allowance under the statute.

The items in question are clearly overhead expenditures. The petitioner is engaged solely in the mining of cinnabar, the chief ore producing mercury or quicksilver. The money borrowed was used to develop its mines and to provide plant and equipment for the production therefrom. The taxes were paid as a necessary condition to the petitioner's continuance in business. Both expenditures bear a direct relation to the petitioner's operations and the production from its property for the taxable year and must be deducted in computing its net income for depletion purposes under the statute.

*Decision will be entered under Rule 50.*

---

[2] ART. 23 (m)–1. *Depletion of mines, oil and gas wells, other natural deposits, and timber; depreciation of improvements—*

\*          \*          \*          \*          \*          \*          \*

(*h*) "Net income of the taxpayer (computed without allowance for depletion) from the property," as used in section 114 (b) (2), (3), and (4) and articles 23 (m)–1 to 23 (m)–28, inclusive, means the "gross income from the property" as defined in paragraph (*g*) less the allowable deductions attributable to the mineral property upon which the depletion is claimed and the allowable deductions attributable to the processes listed in paragraph (*g*) in so far as they relate to the product of such property, including overhead and operating expenses, development costs properly charged to expense, depreciation, taxes, losses sustained, etc., but excluding any allowance for depletion.