## COMMODORE MINING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2000.

Circuit Court of Appeals, Tenth Circuit.

March 29, 1940.

George T. Evans, of Denver, Colo. (Carl J. Sigfrid, of Denver, Colo., on the brief), for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BRATTON and HUXMAN, Circuit Judges, and VAUGHT, District Judge.

BRATTON, Circuit Judge.

This petition to review a decision of the Board of Tax Appeals involves a deficiency in income and excess profits taxes for the years 1934, 1935 and 1936. Petitioner owned certain mining property in Colorado described as the Commodore Mine. Operation of the mine was abandoned in 1912 for lack of profitable ore. The original cost of the property had been fully recovered through depletion sustained in operation prior to March 1, 1913, and on that date such property was without any fair market value. Operations were resumed in 1924 and were conducted without interruption to and including 1930; no operations were conducted during 1931, 1932 and 1933; but they were resumed in January, 1934, and were continued without interruption throughout the taxable years in question. In September, 1924, the lessee operating the mine discovered a new vein of silver ore which was entirely different, separate and distinct from the old mother-lode theretofore operated. In March, 1927, a valuation report was made by representatives of the Commissioner of Internal Revenue in which petitioner was allowed a discovery value of $194,346 as of the date of discovery; and on January 1, 1934, the remaining undepleted discovery value was $66,203.70. In its income tax returns for the years 1924 to 1930, and 1934 to 1936, both inclusive, petitioner claimed deductions for depletion based upon discovery value as fixed in such report. The return for 1934 failed to contain any statement of election as to whether depletion should be computed with or without regard to percentage depletion. The Commissioner disallowed the claimed deductions for the years 1934, 1935 and 1936, and determined a resulting deficiency. The Board of Tax Appeals sustained that action, 40 B.T.A. 347.

Section 23(m) of the Revenue Act of 1934[1] provides that in the case of mines, oil and gas wells, and other natural deposits, there shall be allowed as a deduction a reasonable sum for depletion, according to the peculiar conditions in each case; section 23(n) provides that the basis upon which depletion shall be allowed shall be as provided in section 114, section 113 provides in substance that the adjusted basis for determining gain or loss upon property shall be cost, or March 1, 1913, value; section 114(b) (1) provides that, except as provided in paragraphs (2), (3) and (4) of such subsection, the basis upon which depletion shall be allowed shall be the adjusted basis contained in section 113(b) for the purpose of determining the gain upon the sale or other disposition of such property; section 114(b) (2) provides that in the case of mines (other than metal, coal or sulphur mines) discovered by the taxpayer after February 28, 1913, the basis for depletion shall be the fair market

[1] 48 Stat. 680, 26 U.S.C.A.Int.Rev. Acts, page 673.

value of the property at the date of discovery or within thirty days thereafter, if such mines were not acquired as the result of purchase of a proven tract or lease, and if the fair market value of the property is materially disproportionate to the cost; and section 114(b) (4) provides that the allowance for depletion under section 23(m) shall in the case of metal mines be fifteen per cent of the gross income from the property, that such allowance shall not exceed fifty per cent of the net income of the taxpayer (computed without allowance for depletion) from the property, that a taxpayer making his return under the title shall state whether he elects to have the depletion allowance for such property computed with or without regard to percentage depletion, that the allowance shall be computed according to the election made in that manner, and that if no election is made the depletion allowance shall be computed without reference to percentage depletion.

The Revenue Acts of 1924,[2] 1926,[3] and 1928[4] authorized a deduction for depletion in the case of all mines, and oil and gas wells, based upon discovery value. It thus was under statutes expressly authorizing such a deduction that the allowances of petitioner for the years 1924 to 1930 were allowed. But with studied deliberation the policy of permitting deductions of that kind in the case of metal, coal and sulphur mines was abandoned in the Revenue Act of 1932[5]. Section 114(b) (2) of that act expressly excepted such mines from the properties upon which depletion based upon discovery value could be allowed in computing income, and by like numbered sections that exclusion was reenacted in the Acts of 1934[6] and 1936[7].

■ The authority of Congress to discontinue the right to such deductions is not open to doubt. Congress has unquestioned power to condition, limit or deny deductions from gross income in arriving at the net which is to be taxed. Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.Ct. 758, 78 L.Ed. 1311. And deductions from gross income are granted only by statute. The right to a deduction cannot be asserted with success unless the taxpayer can show that an applicable statute expressly grants it. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Deputy v. du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. ——, decided January 8, 1940.

■ Petitioner contends that section 23 of the Act of 1934 is substantive in character, and provides in subsection (m) that in all cases of mines there shall be allowed as a deduction a reasonable amount for depletion; and that section 114 is adjective in character, provides the method for computing the allowance, and cannot deprive petitioner of the positive right to an allowance granted in section 23. Subsection (m) authorizes an allowance; subsection (n) provides that the basis for computing such allowance shall be that contained in section 114; and section 114 provides the basis for the computation. But all of these provisions must be read and considered together as parts of the whole. Section 23(m) cannot be segregated and construed to grant a right to a deduction to be computed on any basis other than that provided in section 114. That Congress intended in Section 23(m) to grant in the case of a metal mine a deduction to be computed in the manner set forth in section 114, and not otherwise, is plain.

■ It is provided in section 114(b) (4) that if a taxpayer fails to elect in his first return made under the title whether depletion shall be computed with or without reference to percentage depletion, it shall be computed without reference thereto. Questions relating to the time and manner of exercising the right of election were considered in two recent cases. C. H. Mead Coal Co. v. Commissioner, 4 Cir., 106 F.2d 388; J. E. Riley Inv. Co. v. Commissioner, 110 F.2d 655. But no question of that kind is presented here as petitioner has never attempted to elect to have the computation made on the percentage basis authorized by the statute. Since the original cost of the property had been fully recovered through depletion sustained in operations prior to March 1, 1913, and since the property had no fair market value on that date, petitioner is not entitled to any al-

---

[2] 43 Stat. 253, § 204(c), 26 U.S.C.A. Int.Rev.Acts, page 10.

[3] 44 Stat. 9, § 204(c)(1), 26 U.S.C.A. Int.Rev.Acts, page 154.

[4] 45 Stat. 791, § 114(b)(2), 26 U.S.C.A. Int.Rev.Acts, page 384.

[5] 47 Stat. 169, § 114(b)(2), 26 U.S.C.A. Int.Rev.Acts, page 519.

[6] 48 Stat. 680, 26 U.S.C.A.Int.Rev. Acts, page 701.

[7] 49 Stat. 1648, 26 U.S.C.A.Int.Rev. Acts, page 866.

lowance for depletion under the provisions of law relating to cost or March 1, 1913, value. If the right to an allowance based upon percentage of gross production has been lost by failure to seasonably exercise it—a question which we do not explore—petitioner will be denied any deduction for that purpose. That may seem inequitable. But deductions depend upon legislative grace; they are not founded upon general considerations of equity. Deputy v. du Pont, supra.

The order of the Board of Tax Appeals is affirmed.