GRISON OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96132.   Promulgated October 30, 1940.

*Chas. H. Garnett, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

HILL: The question before us in this case is whether or not respondent erred in deducting from gross income the amounts of income tax paid by petitioner to the State of Oklahoma, in order to determine the net income from petitioner's oil property for depletion purposes, pursuant to section 114 (b) (3) of the Revenue Act of 1936. The statute provides that in the case of oil and gas wells the allowance for depletion shall be 27½ percent of the gross income from the property, but that such allowance shall not exceed 50 percent of the net income of the taxpayer (computed without allowance for depletion) from the property.

Article 23 (m)–1 (*h*) of respondent's Regulations 94, issued under the above statute, defines "net income of the taxpayer (computed without allowance for depletion) from the property" as meaning the gross income from the property, less the allowable deductions attributable to the mineral property upon which depletion is claimed, "including overhead and operating expense, development costs properly charged to expense, depreciation, taxes, losses sustained, etc., but excluding any allowance for depletion."

On brief petitioner argues that the state income tax should not be deducted from gross income in computing net income from the property, for the purpose of applying the 50 percent limitation on the depletion allowance, for the reason that such tax is wholly unrelated to the production of income from its oil property, and that a fair interpretation of the word "taxes" as used in respondent's regulations does not embrace such a tax.

We are unable to agree with this theory. The Oklahoma income tax would appear to be an allowable deduction attributable to the mineral property upon which depletion is claimed, since the amount is an allowable deduction in computing taxable net income under the Federal taxing act, and the parties have stipulated that during the taxable year petitioner was engaged in operating an oil and gas property theretofore acquired, producing and selling oil therefrom, and carried on no other business in 1936.

Petitioner further contends that the income tax paid to the state can not properly be classified as operating expense, because it represents merely the payment of a part of the net profits to the Government, citing and quoting at length from I. T. 3398, construing regulations issued under the Vinson Act (48 Stat. 503), as amended. This ruling in effect held that a state franchise tax measured by income but imposed upon the privilege of doing business as a corporation within the state is includable as an element of the cost of performing

a contract under the Vinson Act, while a state income tax is not so includable. The argument is that by analogy the reasoning of such ruling is applicable in the present case. In *St. Marys Oil & Gas Co.*, 42 B. T. A. 270, we rejected a similar argument because of the entirely different purposes of the Vinson Act and the Federal revenue act. The discussion there set forth at length need not be repeated here.

In *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90, the Supreme Court approved respondent's regulations under the 1928 Revenue Act, which required that development expense deducted in computing taxable net income should also be deducted in computing net income from the property for the purpose of applying the 50 percent limitation on percentage depletion. The Oklahoma income tax here involved comes within the class of deductions from gross income allowable in determining taxable net income under the Federal revenue acts, and is no less attributable to the oil property upon which the depletion is claimed than development expense. Under generally recognized rules, both items are properly to be taken into account in computing the net operating profits, as well as the taxable net income, derived from the property by petitioner. Any other conclusion, we think, would be incompatible with the rationale of the Supreme Court's opinion in the *Wilshire* case. Whether a state income tax based only in part upon income from the mineral property upon which depletion is claimed should be allocated in proportionate part to such property in computing the limitation on the depletion allowance, we need not here decide, since under the facts adduced such question does not arise.

In *Montreal Mining Co.*, 41 B. T. A. 399, we held, on authority of the *Wilshire* decision, *supra*, that, in computing the petitioner's net income for percentage depletion purposes under the 1934 Act, amounts paid in settlement of silicosis claims should be deducted from gross income.

In *Mirabel Quicksilver Co.*, 41 B. T. A. 401, we held, on the same authority, that, in computing the petitioner's net income for percentage depletion under the 1936 Act, amounts paid as interest on money borrowed for development and equipment expenses and capital stock taxes, should be deducted from gross income.

In *St. Marys Oil & Gas Co.*, *supra*, we held that interest paid on money borrowed to purchase part of the property from which oil and gas was produced must be deducted from gross income in arriving at the net income from the property for the purpose of computing percentage depletion.

On authority of the decisions above cited, we hold that respondent did not err in deducting the Oklahoma income tax in computing the percentage depletion allowance, and the deficiency determined by him herein is approved.

*Decision will be entered for respondent.*