GUANACEVI MINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99764, 101902, 102712. Promulgated February 4, 1941.

*Nathan Moran, Esq.,* for the petitioner.
*E. A. Tonjes, Esq.,* for the respondent.

518

OPINION.

STERNHAGEN: 1. On its income tax returns for 1935, 1936, and 1937 petitioner claimed as deductible mining expense $27,027.11, $31,971.93, and $34,936.20, respectively, representing an apportionment of its expenditures for mill, tunnels, and operating devices based on the amount of ore extracted in each year. The Commissioner disallowed these deductions on the ground that the expenditures "should be capitalized and recovered through deduction for depletion."

The petitioner treats the tunnels, mill, and equipment as if they were facilities acquired during normal production for the purpose of maintaining operations at normal production and did not increase the efficiency of operation or add to the value of the property. Upon that

postulate the cost of the facilities would be brought within the doctrine of *United States* v. *Roden Coal Co.*, 39 Fed. (2d) 425; *Marsh Fork Coal Co.* v. *Lucas*, 42 Fed. (2d) 83; *Commissioner* v. *Brier Hill Collieries*, 50 Fed. (2d) 777, and deductible as expense. The postulate is contrary to the evidence. The ore which was available for extraction by the primitive method had been practically exhausted in 1929, and petitioner terminated the lease in 1931. The survey was made to ascertain whether a new start by a different method was worth trying. The new cost was not to maintain production by continuing existing methods, but to institute a new method and provide for new production. In practical effect it was an investment in a new mining venture with a new period of development. It was not unlike the opening of a newly discovered mine. The expenditure was therefore a capital investment and not an ordinary and necessary expense of operation. See *Blockton Cahaba Coal Co.* v. *Commissioner*, 24 Fed. (2d) 180; *Enterprise Coal Co.* v. *Phillips*, 12 Fed. Supp. 49; affd., 84 Fed. (2d) 565; *W. M. Ritter Lumber Co.*, 30 B. T. A. 231, 272; *Rainbow Gasoline Corporation*, 31 B. T. A. 1050, 1057. To one using the percentage method of depletion, the cost was recoverable through depletion out of income from the property.

The disallowance of the deduction as deferred expense of any part of such expenditures in the taxable years is sustained.

2. In computing the deduction for percentage depletion based on the net income from the property, the Commissioner treated the interest paid by petitioner on its borrowings as an expense of mining operations, thereby reducing the basic net income. Petitioner contests this reduction. The contention was considered in *Mirabel Quicksilver Co.*, 41 B. T. A. 401, and *St. Marys Oil & Gas Co.*, 42 B. T. A. 270, and the taxpayer's position was rejected. The Commissioner's determination is sustained.

3. Petitioner claims a credit because it was forbidden by the California Code to pay a dividend. The contention is contrary to *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46; *Crane-Johnson Co.* v. *Helvering*, 311 U. S. 54, and *Belle-Vue Manufacturing Co.*, 43 B. T. A. 12, and the Commissioner's determination is sustained.

Other matters have been settled by the parties and will be reflected in the computation of the redetermined deficiency.

*Decision will be entered under Rule 50.*