*627 OPINION.
Smith:
The first question for decision is whether petitioner is entitled to deduct from the gross income of 1937, $7,142.28 representing the total of profit-sharing payments paid to the Gulf Oil Corporation in connection with the operation of an oil and gas lease. The petitioner contends that the amount is deductible from gross income either (a) as rentals or royalties, or (b) as other ordinary and necessary business expenses. The respondent contends that the amount represents a part of the cost to it of ¿he Duval County Eanch lease; that under the statute the petitioner is entitled to deduct for depletion 27½ percent of the production from the lease; that that amount was intended by Congress to return to the taxpayer its capital investment; and that the $7,142.28 here in question did not constitute an expense deductible from gross income.
We think it clear that Gulf did not during the year 1937 have an investment in the Duval County Eanch Co. lease which is subject to depletion. See Helvering v. Elbe Oil Land Development Co., 303 U. S. 372; Commissioner v. O'Donnell, 303 U. S. 370; Anderson v. Helvering, 310 U. S. 404; Blankenship v. United States, 95 Fed. *628 (2d) 507; Marrs McLean, 41 B. T. A. 565. As stated in Anderson v. Helvering, supra:
* * * A. share in the net profits derived from development and operation, * * * does not entitle the holder of such interest to a depletion allowance even though continued production is essential to the realization of such profits. * * *
It is quite clear that if the payment of the $7,142.28 here in question constituted a part of the consideration for the Duval County Ranch Co. lease it did not constitute an expense payment. This is the position taken by the respondent, and we think that it is correct. In Murphy Oil Co. v. Burnet (C. C. A., 9th Cir.), 55 Fed. (2d) 17, it was held that the payment of legal fees incurred in the defense of a claim against oil properties represented capital expenditures or additional cost of the property and wa s not to be allowed as an expense deduction. In North American Oil Consolidated, 12 B. T. A. 68; appealed and reversed on other issues, 286 U. S. 417, the Board held that the payments of 4 percent of the proceeds from the sale of oil to attorneys for services in defending title to and securing land patents on the oil-producing property were capital expenditures, recoverable by way of depletion. In our opinion the respondent properly disallowed the deduction of the $7,142.28 in question.
The second question for decision is whether the petitioner is entitled to compute the depletion allowance upon other leases than Duval County Ranch Co. lease upon the full amount of the production from those leases, or upon such amount reduced by the portion of the bonus payments paid in prior years which are allocable to the production of the taxable year. Such allocable portion is in the amount of $915.42.
Section 114 (b) (3) of the Revenue Act of 1936 provides that the basis for depletion shall be as follows:
(3) Percentage depletion for oil and gas wells.—In tlie ease of oil and gas wells the allowance for depletion under section 23 (m) shall be 27½ per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. * * *
Regulations 94, article 23 (m)-l(p) provides in part:
In all cases there shall be excluded in determining the “gross income from the property” an amount equal to any rents or royalties which were paid or incurred by the taxpayer in respect of the property and are not otherwise excluded from the “gross income from the property.” If royalties in the form of bonus payments or advanced royalties (see article 23 (m)-10) have been paid in respect of the property in the taxable year or in prior years, the amount excluded from “gross income from the property” for the taxable year on account of such payments shall be an amount equal to that part of such payments which is allocable to the products sold during the taxable year.
*629 It is well settled that advance bonus payments or advance royalties are depletable interests to the recipient. Burnet v. Harmel, 287 U. S. 108; Bankers' Pocahontas Coal Co. v. Burnet, 287 U. S. 308; Herring v. Commissioner, 293 U. S. 322; Marrs McLean, supra. Such items are not depletable interests both to the lessor and lessee. In Alice G. K. Kleberg, 43 B. T. A. 277, the Board said: “Two separate and distinct taxpayers are not entitled to receive depletion deductions as to the same oil interest.”
In Helvering v. Twin Bell Oil Syndicate, 293 U. S. 312, the lessee-taxpayer was obligated to pay the lessor royalties of one-fourth of gross production. In that case, as in the instant proceedings, the lessee claimed that it was entitled to a depletion allowance based upon the gross production. The Commissioner determined that its depletion deduction should be limited to 27½ percent of the gross production less the one-fourth royalties paid to the lessor, and his determination was sustained- by the courts.
We think it clear that the petitioner is not entitled to a depletion allowance in respect of bonus payment as to which the lessor is entitled to a depletion allowance. The action of the respondent with respect to this issue is approved.
Reviewed by the Board.

Decisions will be entered under Buie 50.

[1]

 Dissent. See p. 1318.