LeDanois Land & Stone Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 24325.   Promulgated June 26, 1952.

*Fred S. Weis, Esq.*, for the petitioner.
*J. Frost Walker, Esq.*, for the respondent.

670

OPINION.

TURNER, *Judge:* As stipulated by the parties, the only issue submitted for determination is the correctness of the respondent's disallowance of the $719.02 taken as a deduction for depletion. Taking the position that under the lease it was entitled to receive one-sixth of all oil produced and saved from the land, the petitioner contends

that in addition to the depletion deduction allowed it with respect to the oil for which it actually received cash royalty, it is also entitled to deduct as depletion 27½ per cent of one-sixth of the fair market value of the oil used for fuel by the lessee in its operations under the lease. In support of its contention the petitioner urges that under the applicable provisions of the Internal Revenue Code the lessor's allowance for percentage depletion is not to be determined on the basis of the amount of actual cash received as royalty under the lease but on the basis of all the oil removed from the land irrespective of whether the royalty oil is sold for cash or is otherwise disposed of. Pertinent provisions of the Code are set out below.[1]

The respondent contends that under the terms of the lease the petitioner was to receive only one-sixth of the net amount of production remaining after deduction of the oil used by the lessee for operations under the lease and that accordingly the petitioner is not entitled to any depletion deductions with respect to the fair market value of the oil used for such purpose.

While a lessor is entitled to a depletion allowance on royalties paid by the lessee, irrespective of whether paid in cash or in oil, *Helvering* v. *Twin Bell Oil Syndicate*, 293 U. S. 312; *Kirby Petroleum Co.* v. *Commissioner*, 326 U. S. 599, the petitioner here is claiming depletion on oil on which, under the terms of the lease, no royalty was payable or was paid by the lessee. The pertinent portions of the lease relating to oil royalty are found in paragraphs 4 and 10 and are set out in our findings. Standing alone, the provisions of paragraph 4 indicate that petitioner was to receive a royalty of one-sixth of the oil produced and saved from the land. But paragraph 10

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions :

* * * * * *

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case ; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * * In the case of leases the deductions shall be equitably apportioned between the lessor and lessee. * * *
For percentage depletion allowable under this subsection, see section 114 (b) (3) and (4).
SEC 114. BASIS FOR DEPRECIATION AND DEPLETION.

* * * * * * *

(b) BASIS FOR DEPLETION.—
(1) GENERAL RULE.—The basis upon which depletion is to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property, except as provided in paragraphs * * * (3) * * * of this subsection.

* * * * * * *

(3) PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion under section 23 (m) shall be 27½ per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance under section 23 (m) be less than it would be if computed without reference to this paragraph.

contains the further provision that the "Lessee shall have the free use of oil * * * from said land, * * * for all operations hereunder, and the royalty on oil * * * shall be computed after deducting any so used." In view of the latter provision it is our opinion that under the lease the only royalty interest the petitioner retained in the oil was one-sixth of that produced and saved and remaining after deduction of the oil used by the lessee for its operations under the lease. The lessee acquired all other interest in the oil. From the meager facts of record bearing on the matter the foregoing construction appears to have been the one placed on the lease by the petitioner and the lessee in the calculation of the amount of royalty payable and paid to the petitioner during the taxable year.

Since under the lease the petitioner retained no royalty interest in the oil used for fuel and the respondent appears to have allowed the petitioner a depletion allowance of 27½ per cent of the royalties received during the year, we are unable to find that it is entitled to any greater depletion allowance than has been allowed.

*Decision will be entered for the respondent.*