JOHN H. HUMBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARTHUR M. REIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37052, 37053. Promulgated November 17, 1931.

*Allen G. Gartner, Esq.*, and *Bernhard Kollenberg, Esq.*, for the petitioners.

*B. U. Steele, Esq.*, and *Miles J. O'Connor, Esq.*, for the respondent.

#### OPINION.

TRAMMELL: By these appeals petitioners ask redetermination of an asserted liability in the amount of $28,371.34, representing unpaid income tax of the Polar Products Company, Inc., for the calendar year 1925, this liability being determined by respondent for assessment against each individually under section 280 of the Revenue Act of 1926, as representing the several obligation of each as distributees in liquidation of assets of the taxpayer corporation. These appeals were consolidated with the appeal of the Reid Ice Cream Corporation, Docket No. 37051, decided this date and in which this same unpaid tax liability was asserted as a liability of that petitioner. Our findings of fact as set out in that proceeding are here incorporated by reference and need not be repeated. These two petitioners were stockholders of the Polar Products Company. That company in 1925 sold all of its assets to the Reid Ice Cream Cor-

poration for a cash consideration of $337,500, which the seller distributed in liquidation on the following day to its stockholders in proportion to their holdings of common and preferred stock. In this distribution these two petitioners, as stockholders, received cash as follows:

John H. Humbert _____ $55, 488. 64
Arthur M. Rein _____ 60, 773. 28

Petitioners do not deny that there is an unpaid income-tax indebtedness of the Polar Products Company for the calendar year 1925 in the sum of $28,371.34. They merely contend that they are not individually liable for such tax, in view of the fact that the transferor corporation in selling its assets prior to liquidation entered into a contract with the purchaser whereby the latter company assumed liability for the former's debts, including the liability for income taxes for 1925. They contend that, the Reid Ice Cream Corporation being liable for the debt represented by this tax deficiency, they have no liability subject to assessment and collection under section 280 of the Revenue Act of 1926 until the United States has first exhausted its remedies against that company.

Petitioners' contention calls for no extended discussion. The Polar Products Company distributed all of its assets to its stockholders and has left unpaid income tax due for the calendar year 1925. The fact that it may have contracted with another corporation to pay that liability for it does not relieve it from its liability. The corporation can not divest itself of liability for tax by execution of a contract to which the United States is not a party. These two petitioners received as stockholders on liquidation of the taxpayer corporation cash in excess of the tax due from it for 1925. They are severally liable for the total amount of the unpaid tax in question. *Grand Rapids National Bank*, 15 B. T. A. 1166.

Reviewed by the Board.

*Judgment will be entered in each proceeding for the respondent.*