Alan Foster v. Commissioner.
Foster v. Commissioner
Docket No. 94300.
United States Tax Court
T.C. Memo 1967-224; 1967 Tax Ct. Memo LEXIS 38; 26 T.C.M. (CCH) 1143; T.C.M. (RIA) 67224; November 8, 1967
Alan Foster pro se, 7340 Aracoma Forest Dr., Cincinnati, Ohio. Stephen P. Cadden, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent has asserted that the petitioner, Alan Foster, is liable as transferee of the assets of Clesco, Inc. (Ohio), against which respondent has determined the following income tax deficiencies: Taxable Year Ended
Deficiency
June 30, 1958
$18,496.60
June 30, 1959
47,060.31
October 31, 1959
110.51
The sole issue is whether the petitioner is liable as transferee of Clesco, Inc. (Ohio), which is now liquidated, for unpaid corporate income taxes totaling $65,667.42 for the years in controversy. Findings of Fact Most of the facts have been stipulated by the parties and are hereby found accordingly. Alan Foster (herein called petitioner) was a legal resident of Cincinnati, Ohio, at the time he filed his petition in this proceeding. He now resides in Huntingdon Valley, Pennsylvania. For a number of years petitioner's principal business and income producing activity has been that of an executive officer of corporations engaged *40 primarily in fields pertaining to coin-operated laundry equipment businesses. As a result of petitioner's activities, petitioner has been before this Court in related cases, heretofore settled by stipulations, on which decisions have been entered, as follows: Docket No.
Name of Case
94297
Alan Foster, Transferee of Clesco, Inc.,
Transferee of Cleaners Service Co.,
Inc.
94298
Alan Foster, Transferee of Ajay Cor-
poration (of Indiana)
94299
Alan Foster and Shirley Foster
94301
Alan Foster, Transferee of One Hour
Cleaners, Inc.
94302
Alan Foster, Transferee of Clesco,
Inc.
Petitioner was president, 100 percent stockholder and a director of Clesco, Inc., an Ohio corporation, Cincinnati, Ohio, from its incorporation on July 12, 1956, until its liquidation during the taxable period ending October 31, 1959. Clesco, Inc. (Ohio), timely filed a Form 1120, U.S. Corporation Income Tax Return, with attachments and schedules, for the taxable years ended June 30, 1958 and June 30, 1959, with the district director of internal revenue at Cincinnati, Ohio. Effective March 31, 1959, Clesco, Inc. (Ohio), and Nite-N-Day Wash-N-Dry Franchising Company traded *41 substantially all of their assets and liabilities in their respective companies to a newly formed corporation known as Clesco National, Inc., whose stock is wholly owned by One-Hour Valet, Incorporated, of Miami, Florida, for 27,000 shares of One-Hour Valet stock, under an agreement executed in May 1959. There was no exchange of cash. Clesco, Inc. (Ohio), timely filed a Form 1120, U.S. Corporation Income Tax Return, with attachments and schedules, for the taxable period beginning July 1, 1959, and ending October 31, 1959. Clesco, Inc. (Ohio), was liquidated during this period and all assets were distributed in liquidation as reported. This corporate income tax return with attachments and schedules was also filed with the district director of internal revenue at Cincinnati, Ohio. Subsequently, respondent caused an examination to be made of Clesco, Inc. (Ohio), for the taxable years ended June 30, 1958, and June 30, 1959, and for the taxable period ended October 31, 1959, as to its income tax liabilities. The revenue agent rendered a report of examination dated May 9, 1961, to the district director. While respondent made several adjustments for the taxable years ended June 30, 1958, June 30, 1959, and *42 for the short taxable period ended October 31, 1959, and there were deficiencies resulting from these adjustments, the adjustments were not duplicated in any way from one taxable year to the other or to the short taxable period. The district director of internal revenue at Cincinnati, Ohio, in accordance with the provisions of the Internal Revenue laws, gave notice to Clesco, Inc. (Ohio), of the determination of the income tax liability of Clesco, Inc. (Ohio), disclosing a deficiency of $65,667.42 for the taxable years ended June 30, 1958, and June 30, 1959, and for the taxable period ended October 31, 1959, as follows: Year Ended
Deficiency
June 30, 1958
$18,496.60
June 30, 1959
47,060.31
October 31, 1959
110.51
Total
$65,667.42
On June 12, 1961, respondent sent to the petitioner a statutory notice of transferee liability for the amount of the deficiencies, i.e., $65,667.42, plus interest as provided by law, as constituting the liability of the petitioner as transferee of the assets of Clesco, Inc. (Ohio). Attached to the notice of transferee liability was a statement embodying the following explanations: The above stated amount plus interest represents *43 your liability as transferee of the assets of Clesco, Inc., 1416 Central Parkway, Cincinnati, Ohio. It is held that during the year 1959, the assets of Clesco, Inc. were transferred to you in liquidation of its outstanding stock. You as principal stockholder received assets having a value in excess of the liability asserted against you. The adjustments to the taxable income as reported on the return filed by Clesco, Inc. for the year ended June 30, 1958 are as follows; (a) Bad debts
$21,311.75
It has been determined that the deduction claimed for additions to the reserve for bad debts of $21,311.75 is unreasonable and therefore not allowable. (b) Deferred income
$48,470.62
It has been determined that the deferred income on the dealers' reserve is includible in taxable income under Section 61 of the Internal Revenue Code of 1954. (c) Net operating loss deduction $13,851.43 It has been determined that the claimed carryover deduction for net operating losses from prior years is not allowable due to failure to substantiate. Deficiency resulting from these adjustments is $18,496.60. The adjustments to the taxable *44 income as reported on the return filed by Clesco, Inc. for the year ended June 30, 1959 are as follows: (a) Net operating loss deduction
$37,486.49
Same explanation as adjustment (c)
for year ended June 30, 1958.
(b) Deferred income
$69,864.18
Same explanation as adjustment (b)
for year ended June 30, 1958.
Deficiency resulting from these adjustments is $47,060.31. The adjustments to the taxable income as reported on the return filed by Clesco, Inc. for the year ended October 31, 1959 are as follows: (a) Net operating loss deduction
$6,273.14
Same explanation as adjustment (c)
for the year ended June 30, 1958.
(b) Dividend received deduction
$2,087.35
It has been determined that a deduc-
tion of $2,087.35 is allowable as pro-
vided by section 243 of the Internal
Revenue Code of 1954 which was
not claimed on the return.
Deficiency resulting from these adjustments is $110.51. On May 20, 1959, there was a special meeting of the stockholders of Clesco, Inc., which was devoted, among other things, to assigning and transferring to a Delaware corporation known as Clesco National, Inc. (Delaware), substantially all of the assets of Clesco, *45 Inc. (Ohio), in exchange for which Clesco National, Inc. (Delaware), transferred to Clesco, Inc. (Ohio), 26,800 shares of common stock with $1.00 par value of One-Hour Valet, Incorporated (Delaware), such shares having a value of at least $8.25 per share, and as of that time paying 30 cents annually per share in dividends. Dividends were paid only once, then discontinued by One-Hour Valet. The special meeting of stockholders of Clesco, Inc. (Ohio), on May 20, 1959, also considered that, upon completion of the transfer of the 26,800 shares of One-Hour Valet, Clesco, Inc. (Ohio), should proceed to dissolve and to transfer all of its assets (the 26,800 shares of One-Hour Valet) to the sole stockholder of Clesco, Inc. (Ohio), the petitioner herein, who was to assume the remaining liabilities. The first page of the minutes of the special meeting of the stockholders of Clesco, Inc. (Ohio), on May 20, 1959, reads as follows: Special Stockholders Clesco, Inc., 1416 Central Parkway, Cincinnati 10, Ohio, May 20, 1959 These are the minutes of a special meeting of the stockholders of Clesco, Inc., an Ohio corporation held at the offices of the corporation at 1416 Central Parkway, Cincinnati, *46 Ohio, on May 20, 1959, at 1 P.M., pursuant to a call by the Board of Directors and by waiver of notice. Mr. Foster presided and Mr. Dann, being present by invitation, acted as secretary. The meeting was called to consider the proposed plan of reorganization for the corporation as recommended by the Board of Directors of the corporation, which Board has reviewed a proposed agreement between Clesco, Inc., and Clesco National, Inc., a copy of which is to be attached hereto and made a part hereof, to be entered into by the corporation. WHEREAS the Board of Directors of this corporation has recommended that substantially all of the assets of this corporation be assigned and transferred to Clesco National, Inc., a Delaware corporation, subject to the terms of the proposed agreement, a copy of which is to be attached hereto and made a part hereof, in exchange for which Clesco National, Inc., will transfer to this corporation 26,800 shares of common stock with $1.00 par value of One-Hour Valet, Incorporated, such shares having a value of at least $8.25 per share and currently paying 30 cents annually per share in dividends, and WHEREAS the Board of Directors of this corporation has further *47 recommended that on completion of such transfer this corporation proceed to dissolve and to transfer all its assets to the sole stockholder who shall then assume the remaining liabilities, and that the officers of the corporation take all steps necessary in order to complete the dissolution and liquidation of the corporation under the laws of the State of Ohio, and WHEREAS it is intended by the stockholders of this corporation that this proposed agreement shall be interpreted as a tax free plan of reorganization under Section 368(a)(1)(C) of the Internal Revenue Code of 1954. NOW, THEREFORE, be it resolved as follows: 1. That the president and the secretary of this corporation, or either of them is hereby empowered to take all necessary steps in the name of and on behalf of this corporation to effect the plan of reorganization. On May 27, 1959, a contract was executed in quardruplicate in Atlanta, Georgia, which provided that for and in consideration of the exchange of shares of common stock of One-Hour Valet, Incorporated, for substantially all of the assets of Clesco, Inc. (Ohio), and all of the assets of The Nite-N-Day, Wash-N-Dry Coin Laundry Franchising *48 Co., an Ohio Corporation ("Nite-N-Day"), Clesco and Nite-N-Day were to transfer, set over and assign to Clesco National, Inc. (Delaware), the assets upon certain terms, conditions and provisions. Clesco National, Inc. (Delaware), agreed to assume the debts, obligations and liabilities of Clesco, Inc. (Ohio), aggregating $399,196.61, as set forth in Exhibit B to the contract, but no other debts, obligations and liabilities of Clesco, Inc. (Ohio). The only Federal income tax liabilities assumed by Clesco National, Inc. (Delaware), were as follows: DEFERRED INCOME Unrealized profit on completed sales of laundries representing amounts retained by finance companies before provision for taxes on income (income taxes payable upon collection of the accounts will amount to approximately $62,500.00). Unrealized profit on uncompleted sales of laundries before provision for taxes on income (income taxes payable upon completion of the sale and collection of the accounts will amount to approximately $38,500.00). Subsequent to the execution of the contract, a guaranty and pledge agreement, also dated May 27, 1959, was executed by the petitioner in favor of Clesco National, Inc. (Delaware), *49 relative to the fulfillment of the terms of the contract dated May 27, 1959. Clesco, Inc. (Ohio), was liquidated in 1959 and had assets as of its liquidation. The petitioner received such assets upon liquidation. The assets of Clesco, Inc. (Ohio), acquired by petitioner as of the date of liquidation were the 26,800 shares of stock of One-Hour Valet, Incorporated. Upon the dissolution of Clesco, Inc. (Ohio), the petitioner became the transferee of the stock only. As of the time of the liquidation of Clesco, Inc. (Ohio), and the transfer of the 26,800 shares of One-Hour Valet, Incorporated, to petitioner, the value of the shares of stock of One-Hour Valet, Incorporated, was the stated value of $8.25 per share. Immediately before the transaction such stock was sold for about $8.00 per share. Unknown to petitioner, the stock was bucketshopped until it reached $12.00, with much propaganda by the two principal stockholders, who then had a registration and sold off almost a million dollars worth of their stock. Subsequently the value of the stock fell to $3.00 per share. Petitioner received one dividend of seven cents per share. A tax was paid on this income by petitioner and no *50 other dividends have been paid by One-Hour Valet since that time. The stock which was acquired by petitioner was pledged by him to guarantee the performance of the agreement of May 27, 1959. Subsequently, One-Hour Valet, Incorporated, and Clesco National, Inc., without certification by accredited national accounting firms, as required in the agreement, declared a default and kept the stock. Petitioner is bankrupt, having filed a voluntary petition on October 28, 1963, in the United States District Court for the Southern District of Ohio, In Bankruptcy No. 36610. The trustee in the bankruptcy proceeding is Stephen W. Young, Esquire, 2213 Carew Tower, Cincinnati, Ohio, 45202. Stephen W. Young, Trustee, was notified on June 10, 1964, of the liability asserted against petitioner as transferee of assets of Clesco, Inc. (Ohio). Petitioner has not received a discharge in the bankruptcy proceeding. On December 11, 1961, Messrs. Rolf, Dolle, Rueger, Morgan and Leming, attorneys, Cincinnati, Ohio, wrote on behalf of petitioner to Sayve Corporation of America, Inc., Miami, Florida, successor in interest to Clesco National, Inc. (Delaware), making certain demands. The successor in interest *51 to Clesco National, Inc. (Delaware), is Sayve Corporation 1844 West Flagler Street, Miami, Florida, which corporation on November 7, 1963, denied petitioner's allegations that Clesco National, Inc. (Delaware), or Clesco, Inc. (Ohio), is under agreement with him or Clesco, Inc. (Ohio), to pay any income tax deficiencies. The income tax deficiencies totaling $65,667.42 against Clesco, Inc. (Ohio), and the transferee liability asserted against petitioner in the same amount have not been paid. The income tax deficiencies totaling $65,667.42 have not been paid by Clesco, Inc. (Ohio), and cannot be paid because that corporation has been liquidated and now has no assets. Ultimate Findings 1. Clesco, Inc. (Ohio), transferred on May 27, 1959, the property which it owned, consisting of 26,800 shares of One-Hour Valet stock, to the petitioner without full or adequate consideration and to the detriment of the respondent, one of the transferor's creditors. 2. The transfer of the 26,800 shares of stock on May 27, 1959, by Clesco, Inc. (Ohio), to petitioner rendered that corporation insolvent. 3. The transfer of the 26,800 shares of stock had value to petitioner and had the effect of *52 hindering, delaying and defrauding the respondent, one of the transferor's creditors. 4. The fair market value of the 26,800 shares of stock on May 27, 1959, was $221,100, or $8.25 per share. Opinion Section 6902(a), Internal Revenue Code of 1954, provides that, in proceedings before this Court, the burden of proof is upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax. [1] Respondent has fully met his burden in this case by proving the essential elements of transferee liability. The record shows that (1) there was a transfer of property to the petitioner by Clesco, Inc. (Ohio), through liquidation in 1959; (2) the transfer was made for inadequate consideration; (3) the transfer left the transferor, Clesco, Inc. (Ohio), insolvent and unable to pay all its debts; (4) the value of the property, consisting of 26,800 shares of stock, at the time of the transfer was $221,100; and (5) the transferor now owes income tax deficiencies totaling $65,667.42 plus interest. *53 It follows that the petitioner is liable as a transferee under section 6901 of the 1954 Code for $65,667.42, plus interest as provided by law. Cf. Bartmer Automatic Self Service Laundry, Inc., 35 T.C. 317, 322-324 (1960). The main thrust of petitioner's position is that Clesco National, Inc. (Delaware), is the transferee liable for the income tax deficiencies determined against Clesco, Inc. (Ohio). He argues that he is not liable as a transferee of Clesco, Inc. (Ohio), because the sales agreement of May 27, 1959, between that corporation and Clesco National, Inc. (Delaware), provides for the assumption of certain Federal income taxes on deferred income of Clesco, Inc. (Ohio), for the taxable years ended June 30, 1958 and June 30, 1959. [2] Respondent counters with the contention that since the Commissioner was not a party to the agreement between Clesco, Inc. (Ohio), and Clesco *54 National, Inc. (Delaware), he is not bound by the provision therein for the assumption of certain Federal tax liabilities. It is true that upon the sale of property or the assets of a corporation the purchaser often agrees to pay all of the debts, including taxes, of the seller. In such instances the purchaser may be held liable for the taxes owed by the seller. See Kamen Soap Products Co., Inc. v. Commissioner, 230 F. 2d 565 (C.A. 2, 1956), affirming a Memorandum Opinion of this Court; Continental Baking Co., 27 B.T.A. 884 (1933), affd. 75 F. 2d 243 (C.A. D.C., 1934), certiorari denied 295 U.S. 756; Shepard v. Commissioner, 101 F. 2d 595 (C.A. 7, 1939), affirming, 36 B.T.A. 268 (1937); Bos Lines, Inc. v. Commissioner, 354 F. 2d 830 (C.A. 8, 1965), affirming a Memorandum Opinion of this Court; and Turnbull, Inc., 42 T.C. 582 (1964), affd., 373 F. 2d 91 *55 (C.A. 5, 1967). However, the stockholders of a transferor corporation continue to be primarily liable as transferees even though the transferor corporation has an agreement with the purchasing corporation to pay the selling corporation's tax liabilities. See John H. Humbert, 24 B.T.A. 828 (1931); Coca-Cola Bottling Co. of Tucson, 37 T.C. 1006, 1013 (1962), affd., 334 F.2d 875 (C.A. 9, 1964). Thus, whatever rights the Commissioner may have against Clesco National, Inc. (Delaware), the petitioner is not relieved of his liability as the transferee of Clesco, Inc. (Ohio), and he cannot contract away his liability as he claims he did in the sales contract of May 27, 1959. John H. Humbert, supra.Nor in such a situation is the Commissioner required to choose between the petitioner and the purchasing corporation. He may proceed against one or the other or both, provided of course that the amount ultimately collected does not exceed the income tax deficiencies, plus interest, owed by the transferor. Here, after acquiring title to the 26,800 shares of common stock of One-Hour Valet, the petitioner, as an individual, pledged his stock *56 under another agreement, also dated May 27, 1959, for the fulfillment of certain terms contained in the sales contract. When the stock of Clesco, Inc. (Ohio), was transferred to petitioner, he was president of both Clesco, Inc. (Ohio), and Clesco National, Inc. (Delaware). Petitioner's second contention that the stock he received did not have a fair market value of $221,100 at that time because it was restricted and not salable is simply not supported by the record. Likewise, there is no merit in his argument that a "bulk sale of this stock, if permitted by law, would have reduced the value of the stock to next to nothing." At least two other stockholders sold their stock, worth a million dollars, for $12 per share. And even at a later date the stock had a value of around $3 per share. Accordingly, we sustain respondent's determination of transferee liability. Decision will be entered under Rule 50. Footnotes
1. Here the petitioner offered no evidence to show that the transferor, Clesco, Inc. (Ohio), is not liable for the income tax deficiencies determined by respondent. Therefore, the deficiencies are approved. See Bos Lines, Inc. v. Commissioner, 354 F. 2d 830, 836↩ (C.A. 8, 1965).
2. To our knowledge the Commissioner has brought no transferee proceeding against Clesco National, Inc. (Delaware).↩